DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Coreen Cline appeals from her convictions of assault and obstruction of justice in the Summit County Court of Common Pleas. This Court affirms.
Appellant's brother, Karl "Casey" Cline obtained temporary custody of his two children pending a final resolution of his divorce from his wife Jessica Beers. In September 2000, Mr. Cline was being investigated by the Summit County Children Services Board ("CSB") concerning allegations that he molested Ms. Beers' eight-year-old brother.
Ms. Beers was at CSB on September 14, 2000, concerning those charges. On that particular day, Ms. Beers had her two children for a scheduled visit. While at CSB, Ms. Beers was told by a caseworker that she was not to return the children to Mr. Cline because of the nature of the allegations against him. At that time Mr. Cline was living with his mother, Claudia Cline. Ms. Beers telephoned Claudia Cline and told her that she would not be returning the children to her home.
That afternoon, Mr. Cline contacted the Akron Police Department ("APD") to file a report that Ms. Beers with interfering with his custody rights. APD officers went to the Cline residence to take the report and explained to Mr. Cline that they did not get involved in civil custody disputes. Appellant and Claudia Cline were present when the officers informed Mr. Cline that they would not be pursuing the matter.
Upon hearing that the police were not going to get involved in the matter, appellant lost control. She began screaming at the police and said that she would take care of the matter herself.
Later that same afternoon, Ms. Beers was at the home of her boyfriend Ryan Wheele. Claudia Cline, Karl Cline, and appellant drove up in front of Wheele's home and began honking the horn and shouting out the windows. After a few minutes, they drove off. Ms. Beers thought it would be wise to remove the children from the home, so she and Mr. Wheele took them to stay with a friend. Ms. Beers then called APD to make them aware of the situation.
A short time after Ms. Beers and Mr. Wheele returned to Wheele's home, Claudia Cline and appellant returned, this time driving up into Wheele's front yard. Ms. Beers and Mr. Wheele were outside talking to Wheele's neighbor Christine Bertison. Appellant got out of the vehicle and came at Beers with a sock containing a heavy object. Later, the object was identified as a pool ball. Appellant struck Beers with the sock containing the pool ball and the two began two struggle. Mr. Wheele tried to separate the appellant and Ms. Beers and got struck in the head. Ms. Bertison also struggled with appellant in an attempt to get the sock from her. Ms. Bertison was able to pin appellant to the ground, but could not retrieve the sock from her grasp. When it appeared that appellant was losing her struggle with Ms. Bertison, Claudia Cline retrieved a shotgun from the vehicle she and appellant arrived in and pointed it at Ms. Bertison. Ms. Bertison took appellant to the vehicle and Claudia Cline put the shotgun back in the vehicle and told appellant to leave. Appellant drove off as police were arriving on the scene.
Appellant was stopped by an APD cruiser not far from the Cline home. When questioned, appellant denied any knowledge of a gun. Upon learning that the police were going to secure a warrant to check the Cline residence, appellant agreed to take them to the home. Appellant allowed the officers to enter the home and showed them where the sock containing the pool ball and the shotgun were. Appellant was arrested and charged with assaulting Ms. Beers in violation of R.C. 2903.13(A) and obstructing justice by concealing evidence of the crime of carrying a concealed weapon in violation of R. C. 2921.32(A)(4).
A jury found appellant guilty of both charges and the trial court sentenced her accordingly.
Appellant timely appealed, and has set forth one assignment of error for review.
 ASSIGNMENT OF ERROR APPELLANT'S CONVICTIONS FOR OBSTRUCTION OF JUSTICE AND ASSAULT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant has argued that her convictions were against the manifest weight of the evidence. This Court disagrees.
In addressing a challenge to the manifest weight of the evidence this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction.
(Citations omitted.) State v. Otten (1986), 33 Ohio App.3d 339, 340. In reviewing such an argument, an appellate court must defer to the conclusions reached by the trier of fact. Karches v. Cincinnati (1988),38 Ohio St.3d 12, 19.
Appellant has argued that the jury clearly lost its way in finding her guilty of obstructing justice. Obstructing justice is prohibited by R.C.2921.32(A)(4), which states:
 (A) No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime, * * * shall * * *
(4) * * * conceal physical evidence of the crime or act[.]
Claudia Cline told the police that the shotgun had been concealed in her vehicle. Testimony revealed that appellant drove off with the shotgun in the vehicle. When appellant was stopped and questioned by the police, she denied any knowledge of a shotgun. It was not until she realized the police were going to obtain a warrant to search the Cline residence that appellant became cooperative.
As for her conviction for assault, appellant concedes a physical confrontation, but argues that the jury lost its way by rejecting her claim of self-defense. Appellant claims that she and her mother Claudia Cline were more credible witnesses than Ms. Beers. The evaluation of the weight to be given to the evidence and evaluation of the credibility of the witnesses are functions primarily reserved for the trier of fact.State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported. It was up to the jury to decide which of the witnesses it deemed the most credible.
After careful review of the record, this Court cannot conclude that the jury lost its way and erred in finding appellant guilty. Appellant's sole assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., SLABY, J. CONCUR.